**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENDALL JONES,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cr-00064<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

# DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO REOPEN THE DETENTION HEARING (DOC. NO. 30) AND DENYING THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION (DOC. NO. 6)

This Court previously detained Defendant prior to trial pursuant to the procedures set forth in the Bail Reform Act, 18 U.S.C. § 3142. On June 18, 2026, the Court held a detention hearing and heard proffers of evidence and argument from counsel for both parties. The Court found that although Defendant rebutted the presumption of detention due to his lack of a criminal history, the Government had met its burden of proving that no conditions of release would reasonably assure the safety of the community because Defendant would be residing in a location from which he had allegedly sold drugs. The Court acknowledged Defendant's serious medical conditions but stated that the U.S. Marshal and jails were able to deal with those issues adequately. The Court therefore granted the Government's Motion for Pretrial Detention and detained Defendant.

This case came before the Court again on Defendant's Motion to Reopen the Detention Hearing (Motion, Doc. No. 30). On September 11, 2026, this Court held an evidentiary hearing and, at the conclusion of the hearing, orally granted the Motion and ordered Defendant to be released immediately pursuant to certain conditions of release. This decision memorializes and further explains the Court's oral ruling.

Before the Court can consider the merits of Defendant's request for bond, it must first determine whether Defendant has provided the required justification for reopening the detention hearing. Under the Bail Reform Act:

> The [detention] hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

The Court finds that Defendant has met this standard. In his Motion, Defendant has described new information that was unavailable at the time of the original detention hearing. First, Defendant's sister testified that she is able and willing to provide a place for Defendant to live while awaiting trial. Second, contrary to the assurances the Court offered at the prior detention hearing, the Corrections Center of Northwest Ohio (CCNO) has failed to provide adequate treatment for Defendant's serious medical conditions.

Based upon the evidence presented during the reopened detention hearing, and for the reasons stated on the record, the Court agrees that there are now conditions of release that will reasonably assure the safety of other persons and the community. Specifically,

Defendant can reside with his sister at a location where he was not allegedly involved in unlawful activity, and he will be placed on home detention. Combined with Defendant's lack of criminal history and the rebutted presumption of detention, the Court finds that the Government has not met its burden of proving that detention is required.

Moreover, as stated on the record, the Court finds that Defendant's physical health—which is a characteristic the Court may consider (*see* 18 U.S.C. § 3142(g)(3))—has not been adequately safeguarded, and has likely deteriorated, during the past three months. Based upon the evidence presented at the hearing, this Court concludes that there is an unacceptably high risk that Defendant's health will be further jeopardized if he continues to be detained. For this reason, too, the Court has ordered Defendant's release.

Accordingly, the Court **GRANTS** Defendant's Motion to Reopen the Detention Hearing (Doc. No. 30), **REOPENS** the hearing on the Government's Motion for Pretrial Detention (Doc. No. 6), and now **DENIES** that Motion for Pretrial Detention.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(b). This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.